UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. MOECKLY, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:25-cv-1202-JDP (P)<br><br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis* ("IFP"), ECF No. 2.[1]  However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g).  *See Wolinski v. Allison*, No. 2:22-cv-0451-KJM-EFB (E.D. Cal. July 15, 2022) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

　　　　The court takes judicial notice of the following cases constituting strikes: (1) *Wolinski v. Los Angeles County Superior Court*, No. 2:12-cv-6775-UA-MRW (C.D. Cal. Aug. 14, 2012) (denying IFP on the grounds that the complaint failed to state a claim upon which relief could be granted); (2) *Wolinski v. Court of Appeal Second Appellate District*, No. 2:12-cv-6902-UA-MRW

---

[1] Plaintiff also filed a motion for extension of time to file his certified trust account statement.  ECF No. 3.  Since filing the motion, plaintiff has filed his account statement.  ECF No. 5.  As such, I will deny his motion as moot.

1

1  (C.D. Cal. Aug. 24, 2012) (denying IFP on the grounds that complaint failed to state a claim upon
2  which relief could be granted); (3) *Wolinski v. Court of Appeal Second Appellate District*, No. 12-
3  56817 (9th Cir. Feb. 29, 2013) (finding that plaintiff's appeal was frivolous and denying IFP);
4  (4) *Wolinski v. Shaffer*, No. 2:14-cv-2492-MCE-EFB (E.D. Cal. Aug. 12, 2015) (dismissing
5  action for failure to state a claim upon which relief could be granted); and (5) *Wolinski v. Diaz*,
6  No. 2:16-cv-09566-JFW-MRW (C.D. Cal. Jan. 26, 2017) (dismissing action for failure to state a
7  claim upon which relief could be granted).

8       A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis*
9  under section 1915(g) if he alleges that he was in imminent danger at the time he filed the
10  complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir.
11  2007). The court must determine if the potential harm amounts to "serious physical injury" and
12  whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the
13  exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section
14  § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm
15  or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense,
16  combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that
17  the exception applies if the danger existed at the time the prisoner filed the complaint.").

18       Plaintiff brings his action against fourteen named defendants, alleging violations of
19  federal and state law that occurred between January and August 2024. *See* ECF No. 1 at 2-12, 17,
20  19. Plaintiff alleges that during this time, defendants retaliated against him for filing grievances
21  and interfered with his rights under the Americans with Disabilities Act. *Id.* at 12-13. He also
22  alleges that he suffered a sexual battery and that defendants continued to retaliate against him
23  when he reported it. *Id.* at 14-15. He alleges that defendants interfered with his ability to access
24  the courts and law library, and that he has dealt with inadequate medical care. *Id.* at 16-21.

25       Plaintiff's allegations are insufficient to show that he faced imminent danger of physical
26  injury at the time when he filed the complaint. Plaintiff has not alleged any facts demonstrating
27  that he is presently being subjected to "serious physical injury." *See Cervantes*, 493 F.3d at 1055-
28  56. As plaintiff's allegations show, his complaint relates to past harms, which cannot trigger

§ 1915(g)'s "imminent danger" exception. *See id.* at 1053.

Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in to proceed with this action.

Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action.

2. Plaintiff's motion for an extension of time to file his certified trust account statement, ECF No. 3, is DENIED as moot.

It is also RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE